# IN THE UNITED STATESDISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 19- |
| v. | : | DATE FILED: |
| MATTHEW STEPHENS<br>KEVIN BAILEY | : | VIOLATIONS: |
| ALPHONSO GALLIMORE | : | 21 U.S.C. § 846, 841(a)(1) (conspiracy to distribute 500 grams or more of methamphetamine - 1 count) |
| | : | 21 U.S.C. § 841(a)(1), (b)(1)(A) (distribution of 500 grams or more of methamphetamine – 1 count) |
| | : | 21 U.S.C. § 841(a)(1), (b)(1)(B) (distribution of 50 grams or more of methamphetamine – 5 counts) |
| | : | 21 U.S.C. § 841(a)(1), (b)(1)(C) (distribution of methamphetamine – 1 count) |
| | : | 18 U.S.C. § 922(g)(1) (possession of a firearm by a felon – 8 counts) |
| | : | 21 U.S.C.§ 860(a) (drug distribution in a protected zone – 5 counts) |
| | : | 18 U.S.C. §922(o)(1) (possession of a machine gun – 2 counts) |
| | : | 18 U.S.C. § 922(a)(1)(A) (dealing in firearms without a license – 1 count) |
| | : | 21 U.S.C. § 856(a)(2) (maintaining a drug house – 1 count) |
| | : | 8 U.S.C. § 1326(a), (b)(1) (reentry after deportation – 1 count) |
| | : | 18 U.S.C. § 2 (aiding and abetting) Notices of forfeiture |

## INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At all times material to this Indictment:

1.     Defendant MATTHEW STEPHENS resided at a home located on the 2300 block of North Howard Street, Philadelphia, Pennsylvania ("the North Howard Street residence").

2.     The individual hereafter identified as "the Buyer," whose identity is known to the grand jury, was a Confidential Informant working with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") posing as a private citizen interested in purchasing black market firearms and controlled substances.

3.     Defendant MATTHEW STEPHENS communicated with the Buyer over cellular phones on numerous occasions to arrange for sales of methamphetamine and firearms in and around Philadelphia.

4.     Defendant ALPHONSO GALLIMORE communicated with the Buyer over cellular phones on numerous occasions to arrange for sales of methamphetamine in Philadelphia.

5.     Defendant KEVIN BAILEY communicated with the Buyer over cellular phones on numerous occasions to arrange for sales of methamphetamine in Philadelphia.

6.     Defendants MATTHEW STEPHENS, KEVIN BAILEY, and ALPHONSO GALLIMORE regularly communicated with each other and the Buyer over cellular phones to arrange for the sale of methamphetamine in Philadelphia and in New Jersey.

7.     From on or about May 7, 2018, through on or about March 27, 2019, in Philadelphia, in the Eastern District of Pennsylvania, and in New Jersey, defendants:

**MATTHEW STEPHENS,**
**KEVIN BAILEY, and**
**ALPHONSO GALLIMORE**

conspired and agreed, together with others known and unknown to the grand jury, to knowingly and intentionally distribute controlled substances, that is 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

8.     It is further alleged that, with respect to the conspiracy charged in this Count, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine is attributable to and was reasonably foreseeable to defendant ALPHONSO GALLIMORE, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

9.     It is further alleged that, before defendant KEVIN BAILEY committed the offense charged in this count, defendant BAILEY was convicted in the State of Connecticut of the crime of Sale of a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## MANNER AND MEANS

It was a part of that conspiracy that:

1. Defendants MATTHEW STEPHENS, ALPHONSO GALLIMORE, and KEVIN BAILEY were, at times during the course of the conspiracy, business associates who sold methamphetamine to the Buyer on multiple occasions for profit in Philadelphia, in the Eastern District of Pennsylvania and/or in New Jersey.

2. Defendant MATTHEW STEPHENS negotiated the sale of and sold methamphetamine to the Buyer inside and in front of the North Howard Street residence.

3. Defendant MATTHEW STEPHENS provided his telephone number, (XXX) XXX-5994, to the Buyer to arrange for sales of methamphetamine and firearms to the Buyer.

4. Defendant KEVIN BAILEY provided his telephone number (XXX) XXX-8110 to the Buyer to arrange for sales of methamphetamine to the Buyer.

5. Defendant ALPHONSO GALLIMORE provided his telephone number (XXX) XXX-5965 to the Buyer to arrange for sales of methamphetamine to the Buyer.

6. Defendants MATTHEW STEPHENS and KEVIN BAILEY collectively shared in the profits of their sales of methamphetamine to the Buyer.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, defendants MATTHEW STEPHENS, KEVIN BAILEY, ALPHONSO GALLIMORE, and others known and unknown to the Grand Jury, committed the following overt acts, among others, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere:

1. On or about May 7, 2018, in front of 2200 North Hancock Street in Philadelphia, the Buyer purchased approximately 141 grams of methamphetamine from defendant MATTHEW STEPHENS in exchange for $5,000.

2. On or about June 5, 2018, inside the North Howard Street residence, the Buyer purchased approximately 279 grams of methamphetamine from defendant MATTHEW STEPHENS in exchange for $7,700.

3. On or about June 20, 2018, inside of the North Howard Street residence, the Buyer paid defendant MATTHEW STEPHENS for some of the methamphetamine the Buyer purchased on June 5, 2018, at the North Howard Street residence, in the amount of $3,300.

4. On or about July 18, 2018, inside of the North Howard Street residence, the Buyer purchased approximately 380.5 grams of methamphetamine from defendant MATTHEW STEPHENS in exchange for $7,200.

5. On or about August 3, 2018, inside of the North Howard Street residence, the Buyer purchased approximately 109.7 grams of methamphetamine from defendant MATTHEW STEPHENS in exchange for $3,600.

6.     On or about September 12, 2018, inside of a salvage yard in South Philadelphia, the Buyer purchased approximately 26.8 grams of methamphetamine from defendant ALPHONSO GALLIMORE in exchange for $1,000.

7.     On or about September 19, 2018, inside of a salvage yard in South Philadelphia, the Buyer purchased approximately 213.7 grams of methamphetamine from defendant ALPHONSO GALLIMORE in exchange for $3,500.

8.     On or about October 9, 2018, inside of a salvage yard in South Philadelphia, the Buyer paid $4,500 to defendant ALPHONSO GALLIMORE for a portion of the methamphetamine the Buyer purchased from him on September 19, 2018.

9.     On or about October 25, 2018, at the Molly Pitcher Rest Area on I-95 in New Jersey, the Buyer purchased approximately 446.6 grams of methamphetamine from defendants KEVIN BAILEY and MATTHEW STEPHENS in exchange for $12,500.

10.     On or about December 3, 2018, at the Molly Pitcher Rest Area on I-95 in New Jersey, the Buyer purchased approximately 434.5 grams of methamphetamine from defendants KEVIN BAILEY and MATTHEW STEPHENS in exchange for $11,500.

On or about March 26, 2019:

11.     Defendant KEVIN BAILEY spoke to the Buyer via cellular phone and arranged the details for selling the Buyer a quantity of methamphetamine in Philadelphia the following day.

12.     Defendant MATTHEW STEPHENS spoke to the Buyer via cellular phone and arranged the details for selling the Buyer a firearm in Philadelphia the following day, while accompanied by defendant KEVIN BAILEY.

On or about March 27, 2019:

13. Defendants MATTHEW STEPHENS and KEVIN BAILEY met the Buyer at a Wawa grocery store on Bustleton Avenue in Philadelphia for the purpose of selling the Buyer methamphetamine.

14. Defendants MATTHEW STEPHENS and KEVIN BAILEY sold the Buyer approximately 3000 grams of methamphetamine in exchange for $4,000.

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO**

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 7, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MATTHEW STEPHENS**

knowingly and intentionally distributed 50 grams or more, that is, approximately 141.8 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

**COUNT THREE**

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 7, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MATTHEW STEPHENS**

knowingly and intentionally distributed 50 grams or more, that is, approximately 141.8 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within 1000 feet of the real property comprising the El Centro de Estudiantes Public High School, a public high school, located at 126 West Dauphin Street in Philadelphia, Pennsylvania, in violation of Title 21 United States Code, Section, 841(a)(1), (b)(1)(B).

In violation of Title 21, United States Code, Section 860(a).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 7, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MATTHEW STEPHENS,**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate commerce a firearm, that is, a Colt .22 caliber pistol, bearing serial number 069859, loaded with eight live rounds of .22 caliber ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

**COUNT FIVE**

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 5, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MATTHEW STEPHENS**

knowingly and intentionally distributed 50 grams or more, that is, approximately 279 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 5, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## MATTHEW STEPHENS

knowingly and intentionally distributed 50 grams or more, that is, approximately 279 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within 1000 feet of the real property comprising the Hunter Elementary School, a public elementary school, located at 2400 North Front Street in Philadelphia, Pennsylvania, in violation of Title 21 United States Code, Section, 841(a)(1), (b)(1)(B).

In violation of Title 21, United States Code, Section 860(a).

<u>**COUNT SEVEN**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 9, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MATTHEW STEPHENS,**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate and foreign commerce a firearm, that is, a Taurus 9MM pistol, bearing serial number TRI58107, loaded with 11 live rounds of 9MM ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

13

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 18, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MATTHEW STEPHENS**

knowingly and intentionally distributed 50 grams or more, that is, approximately 380 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 18, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### MATTHEW STEPHENS

knowingly and intentionally distributed 50 grams or more, that is, approximately 380 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within 1000 feet of the real property comprising the Hunter Elementary School, a public elementary school, located at 2400 North Front Street in Philadelphia, Pennsylvania, in violation of Title 21 United States Code, Section, 841(a)(1), (b)(1)(B).

In violation of Title 21, United States Code, Section 860(a).

<u>**COUNT TEN**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 23, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MATTHEW STEPHENS,**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate commerce a firearm, that is, an American Derringer .357 caliber pistol, bearing serial number 134837, loaded with 2 live rounds of .357 caliber ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

**COUNT ELEVEN**

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 25, 2018, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

**MATTHEW STEPHENS,**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable

by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate

and foreign commerce a firearm, that is, a Rohm Gesellschaft .38 caliber revolver, Model RG31,

bearing a non-visible serial number, loaded with 5 live rounds of .38 caliber ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 3, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### MATTHEW STEPHENS

knowingly and intentionally distributed 50 grams or more, that is, approximately 109.7 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

## COUNT THIRTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 3, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MATTHEW STEPHENS**

knowingly and intentionally distributed 50 grams or more, that is, approximately 109.7 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within 1000 feet of the real property comprising the Hunter Elementary School, a public elementary school, located at 2400 North Front Street in Philadelphia, Pennsylvania, in violation of Title 21 United States Code, Section, 841(a)(1), (b)(1)(B).

In violation of Title 21, United States Code, Section 860(a).

## COUNT FOURTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about September 12, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**ALPHONSO GALLIMORE**

knowingly and intentionally distributed a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## COUNT FIFTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about September 19, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### ALPHONSO GALLIMORE

knowingly and intentionally distributed 50 grams or more, that is, approximately 213.7 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

## COUNT SIXTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about January 7, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MATTHEW STEPHENS,**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate commerce a firearm, that is, a Cobray Mac-11 9MM semi-automatic carbine rifle, model CM11, bearing serial number 94-0017506, loaded with 10 live rounds of 9MM ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SEVENTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about January 7, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## MATTHEW STEPHENS

knowingly possessed and transferred a machinegun, as defined by Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), that is, six (6) machinegun conversion devices intended for use in converting a semiautomatic Glock pistol to fire automatically.

In violation of Title 18, United States Code, Section 922(o).

## COUNT EIGHTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about January 11, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MATTHEW STEPHENS,**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate and foreign commerce a firearm, that is, an SKS .762 caliber semi-automatic rifle, bearing serial number 24149015.

In violation of Title 18, United States Code, Section 922(g)(1).

24

## COUNT NINETEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about February 28, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MATTHEW STEPHENS,**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate commerce a firearm, that is, a Hi-Point .45 caliber pistol, bearing serial number 341737.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about February 28, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MATTHEW STEPHENS,**

knowingly possessed and transferred a machinegun, as defined by Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), that is, fourteen (14) machinegun conversion devices intended for use in converting a semiautomatic Glock pistol to fire automatically.

In violation of Title 18, United States Code, Section 922(o).

## COUNT TWENTY-ONE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 14, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MATTHEW STEPHENS,**

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate and foreign commerce a firearm, that is, at least one of the following: (1) a Ruger 9MM pistol with an obliterated serial number, loaded with 15 live rounds of 9MM ammunition, and (2) a Sig Sauer 9MM pistol with an obliterated serial number.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY-TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 27, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**MATTHEW STEPHENS and
KEVIN BAILEY**

knowingly and intentionally distributed, and aided and abetted the distribution of, 500 grams or more, that is, approximately 3000 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A) and Title 18, United States Code, Section 2.

It is further alleged that before defendant KEVIN BAILEY committed the offense charged in this count, defendant BAILEY was convicted in the State of Connecticut of the crime of Sale of a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

28

<u>**COUNT TWENTY-THREE**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 27, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**MATTHEW STEPHENS and
KEVIN BAILEY**

knowingly and intentionally distributed, and aided and abetted the distribution of, 500 grams or more, that is, approximately 3000 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within 1000 feet of the real property comprising the Gilbert Spruance Elementary School, a public elementary school, located at 6401 Horrocks Street in Philadelphia, Pennsylvania, in violation of Title 21 United States Code, Section, 841(a)(1), (b)(1)(A) and Title 18, United States Code, Section 2.

In violation of Title 21, United States Code, Section 860(a).

It is further alleged that, before defendant KEVIN BAILEY committed the offense charged in this count, defendant BAILEY was convicted in the State of Connecticut of the crime of Sale of a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT TWENTY-FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

From at least on or about June 5, 2018, to on or about August 3, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## MATTHEW STEPHENS

managed and controlled a residence located at 2332 North Howard Street in Philadelphia, Pennsylvania, and knowingly and intentionally made available for use the residence, for the purpose of unlawfully manufacturing, storing, distributing, and using controlled substances, that is, methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 856(a)(2).

**COUNT TWENTY-FIVE**

**THE GRAND JURY FURTHER CHARGES THAT:**

From at least on or about May 7, 2018, through on or about March 27, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**MATTHEW STEPHENS**

willfully engaged in the business of dealing in firearms by obtaining and selling firearms, for livelihood and profit, without being licensed to do so under the provisions of Chapter 44, Title 18, United States Code.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D).

## COUNT TWENTY-SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about March 27, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

### KEVIN BAILEY,

an alien, and native and citizen of Jamaica, who had previously been deported and removed from

the United States on or about June 1, 2007, was found in the United States, having knowingly

and unlawfully reentered the United States without first applying to the Attorney General of the

United States and his successor, the Secretary for Homeland Security (Title 6, United States

Code, Sections 202(3), (4) and 557), for permission to reapply for admission, and without

receiving in response the express consent of the Attorney General and his successor to reapply

for admission.

In violation of Title 8, United States Code, § 1326(a), (b)(1).

## <u>NOTICE OF FORFEITURE 1</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

As a result of the violations of Title 18, United States Code, Sections

922(a)(1)(A), 922(g)(1), and 2, as set forth in this indictment, defendant

**MATTHEW STEPHENS,**

shall forfeit to the United States of America all firearms and ammunition involved in the

commission of these offenses, including but not limited to:

1. a Colt .22 caliber pistol, bearing serial number 069859, loaded with eight live rounds of .22 caliber ammunition;

2. a Taurus 9MM pistol, bearing serial number TRI58107, loaded with 11 live rounds of 9MM ammunition;

3. an American Derringer .357 caliber pistol, bearing serial number 134837, loaded with 2 live rounds of .357 caliber ammunition;

4. a Rohm Gesellschaft .38 caliber revolver, Model RG31, bearing a non-visible serial number, loaded with 5 live rounds of .38 caliber ammunition;

5. a Cobray Mac-11 9MM semi-automatic carbine rifle, model CM11, bearing serial number 94-0017506, with a magazine loaded with 10 live rounds of 9MM ammunition;

6. a SKS .762 caliber semi-automatic rifle, bearing serial number 24149015;

7. Three AR-15 style semi-automatic variant rifles bearing no serial numbers;

8. a Hi-Point .45 caliber pistol, bearing serial number 341737;

9. a Ruger 9MM pistol with an obliterated serial number, loaded with 15 live rounds of 9MM ammunition;

10. a Sig Sauer 9MM pistol with an obliterated serial number;

11. a 9MM Glock 19-styled pistol with a converted receiver, bearing serial number LLF952 on the slide;

12. 20 Glock "auto sears" or machinegun capable pieces and parts; and

33

13.     All other ammunition recovered or purchased during the conspiracy.

All pursuant to Title 18, United States Code, Section 924(d), made applicable by Title 28 United States Code, Section 2461(c).

## NOTICE OF FORFEITURE 2

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      As a result of the violations of Title 21, United States Code, Sections 846, 841(a)(1), set forth in this indictment, defendants

**MATTHEW STEPHENS,
KEVIN BAILEY, and
ALPHONSO GALLIMORE,**

shall forfeit to the United States of America:

a)      any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations and;

b)      any property constituting, or derived from, proceeds obtained, directly or indirectly, from the commission of such violations, including all United States Currency.

2.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

a)      cannot be located upon the exercise of due diligence;

b)      has been transferred or sold to, or deposited with, a third party;

c)      has been placed beyond the jurisdiction of the Court;

d)      has been substantially diminished in value; or

e)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853.

**A TRUE BILL:**

_____

**FOREPERSON**

**WILLIAM M. McSWAIN**
**United States Attorney**