IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| KEVIN BAILEY | : | NO. 19-224-2 |

MEMORANDUM

Bartle, J.                                           December 21, 2021

The court has before it the motion of defendant
Kevin Bailey, acting pro se, for compassionate release and a
reduction in sentence.

I

On November 25, 2019, Bailey pleaded guilty to
distributing 500 grams or more of methamphetamine (21 U.S.C.
§§ 841(a)(1), (b)(1)(A)), distributing 500 grams or more of
methamphetamine within 1,000 feet of a public school, (21 U.S.C.
§ 860(a)), and unlawfully reentering the United States after
being deported (8 U.S.C. § 1326(a)).  The court sentenced Bailey
on June 6, 2020, to a term of imprisonment of 54 months followed
by a five-year period of supervised release.

Bailey is currently serving his sentence at the
Federal Correctional Institution in Manchester, Kentucky with an
anticipated release date of January 7, 2023.  He has served
approximately thirty-two months of his sentence and has also
accrued eight months as credit for good conduct time.

Immigration and Customs Enforcement has issued a detainer indicating its intent to remove Bailey to his home country of Jamaica when he is released from custody.

II

Bailey's motion for compassionate release relies on 18 U.S.C. § 3582(c)(1)(A) as recently amended by the First Step Act. Section 3582(c)(1)(A)(i) provides that a court may order compassionate release for "extraordinary and compelling reasons" but only if the reduction in sentence is "consistent with applicable policy statements of the Sentencing Commission":

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>   (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>       (i)   extraordinary and compelling reasons warrant such a reduction . . .

> and that such reduction is consistent
> with applicable policy statements issued
> by the Sentencing Commission.[1]

Congress has also enacted 28 U.S.C. § 994(t) which provides the following:

> The Commission, in promulgating general
> policy statements regarding the sentencing
> modification provisions in section
> 3582(c)(1)(A) of title 18, shall describe
> what should be considered extraordinary and
> compelling reasons for sentence reduction,
> including the criteria to be applied and a
> list of specific examples. Rehabilitation of
> the defendant alone shall not be considered
> an extraordinary and compelling reason.

The application note 1(A) of section 1B1.13 of the Sentencing Guidelines explains that "extraordinary and compelling reasons" exist if the defendant is (1) "suffering from a terminal illness"; (2) "suffering from a serious physical or medical condition"; (3) "suffering from a serious functional or cognitive impairment"; or (4) "experiencing deteriorating physical or mental health because of the aging process."  The latter three grounds also require that the impairment "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

---

1.   The Government agrees Bailey has exhausted his administrative remedies.

Our Court of Appeals recently held in United States v. Andrews that a district court is not bound by the Sentencing Commission's policy statement in deciding what is an extraordinary and compelling reason.  12 F.4th 255 (3d Cir. 2021).  Still, the court may look to the policy statement as a guide, even if it is not ultimately binding.  Id. at 260.

III

Bailey seeks compassionate release because of his medical conditions.  He suffered for much of 2019 and 2020 from gastrointestinal bleeding.  In October last year, he twice was transported to an outside medical facility for treatment and diagnosis.  At one of those visits, Bailey was diagnosed with a pulmonary embolism.  Bailey also notes that he has prediabetes. He argues he is more likely to develop a serious illness from these conditions due to the risk of contracting COVID-19.

The Government counters that none of Bailey's medical conditions constitutes a risk factor that the Centers for Disease Control and Prevention ("CDC") has identified that would place him at a higher risk of severe illness should he contract COVID-19.  It represents that Bailey's gastrointestinal bleeding has been treated.  It asserts that Bailey was subjected to several tests and prescribed medication for his gastrointestinal bleeding condition, that Bailey reported that the symptoms had subsided by November 2020, and that there is no evidence those

-4-

symptoms have returned.  It also maintains that Bailey's risk of developing a severe illness is diminished because he has received both doses of the Pfizer COVID-19 vaccine.

The court requested supplemental briefing from the Government on the effect of Bailey's history of pulmonary embolism, which is a chronic lung disease that the CDC has classified as a risk factor for severe COVID-19.[2]  The Government supplied medical records that reflect Bailey suffered from a pulmonary embolism in October 2020.  He was prescribed a blood thinner, and at follow-up visits in April, June, July, and September of this year, he reported that he no longer suffered from any symptoms.  The medical records the Government submitted with its supplemental brief indicate, however, that Bailey's gastrointestinal bleeding reappeared in November this year. According to the records, Bureau of Prisons has ordered stool softeners and scheduled an appointment for Bailey with a health provider outside the prison.

The court notes that the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease.

---

2.  See People with Certain Medical Conditions, Ctrs. for Disease Control & Prevention (Oct. 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

See <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020).
Compassionate release is warranted only for defendants with
medical conditions that place them at a high risk of developing
severe illness from COVID-19.  <u>See, e.g.,</u> <u>United States v.</u>
<u>Spencer</u>, 519 F. Supp. 3d 237, 249–50 (E.D. Pa. 2021).

Here, Bailey has not shown that he suffers from such a
medical condition.  Although Bailey has suffered
gastrointestinal bleeding and has had other medical issues, the
Bureau of Prisons has been attentive to his circumstances and
treated him accordingly.  There is no evidence that he is at
high risk of developing a severe illness should he contract
COVID-19.

The court also reiterates that Bailey has been
vaccinated against COVID-19.  Thus far the vaccine Bailey
received has proven effective at preventing illness and
complications from COVID-19.  Bailey has simply not presented
extraordinary and compelling circumstances warranting a sentence
reduction or release.

IV

The court must also consider the factors under
18 U.S.C. § 3553(a) when deciding whether to grant compassionate
release under § 3582(c)(1)(A).  These factors include the need
to "reflect the nature and circumstances of the offense and the
history and characteristics of the defendant," "reflect the

seriousness of the offense," "promote respect of the law," and "afford adequate deterrence to criminal conduct."

Bailey maintains his release presents no danger to the community.  He argues that he was not charged with a violent crime and otherwise has no history of violence.  He notes he has served roughly 75% of his sentence.  He further argues that release is appropriate because after his term of imprisonment ends, he will be deported to Jamaica.

The court finds that § 3553(a) factors nonetheless weigh against Bailey's release.  Early release would not accord with the seriousness of Bailey's offenses.  After unlawfully reentering the United States, Bailey distributed approximately four kilograms of methamphetamine throughout New Jersey and Pennsylvania, including one sale that took place around the corner from an elementary school.  Releasing him now would not appropriately reflect the nature and circumstances of his offenses, promote just punishment, or afford adequate deterrence to criminal conduct.  See § 3553(a).

V

The court, taking all the relevant facts into account and arguments for a reduction in sentence, finds that Bailey has not met his burden in establishing an extraordinary and compelling reason that warrants his release under

-7-

§ 3582(c)(1)(A).  Accordingly, the court will deny the motion of Bailey for compassionate release and a reduction in sentence.